

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2008

# Smith v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5211

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Smith v. Atty Gen USA" (2008). *2008 Decisions.* Paper 976.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/976

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-5211
_____

CHRISTOPHER SMITH,
                                        Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                                        Respondent

_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A75-453-680)
Immigration Judge:  Honorable Daniel Meisner

_____

Submitted Under Third Circuit LAR 34.1(a)
June 25, 2008

Before:   FUENTES, ALDISERT AND GARTH, <u>Circuit</u> <u>Judges</u>

(Filed: June 26, 2008 )

_____

OPINION
_____

PER CURIAM

        Petitioner, Christopher Smith, petitions for review of a final order of the Board of

Immigration Appeals ("BIA").  For the reasons that follow, we will deny the petition.

I.

Smith, a native and citizen of Jamaica, was admitted to the United States on October 18, 1996 as a B-2 visitor with authorization to remain for six months. On May 20, 1998, Smith was served with a Notice to Appear ("NTA") charging him with being removable pursuant to section § 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B), as an overstay. Smith appeared before the Immigration Court on June 5, 1998 for a bond hearing. Smith failed to appear at his next hearing held on September 10, 1998. His attorney, Regis Fernandez, apparently informed the court that Smith had not communicated with him. Attorney Fernandez was given written notice of Smith's next hearing, which was scheduled for September 17, 1998. Attorney Fernandez appeared for the scheduled hearing but, once again, Smith did not. Attorney Fernandez stated to the court that Smith had not been in contact with him since Smith was released from the Elizabeth detention facility on bond. Fernandez further informed the court that he had twice called the telephone number that Smith had provided to him and sent a letter to the person who paid Smith's bond in an effort to make Smith aware of the hearing. The Immigration Judge ("IJ") ordered Smith removed *in absentia* to Jamaica.

II.

On February 1, 2006, more than seven and one-half years later, Smith – through Attorney John Perez – filed a "Motion to Reopen Proceedings Out of Time." Smith

requested that the proceedings be reopened in order to permit his wife to file, and have adjudicated, a relative petition seeking an adjustment of status on his behalf. In that motion, Smith alleged that he did not "recall" having received an NTA and that he did not receive a hearing notice to appear before the IJ for a master calendar hearing in September 1998. See Admin. Rec. at 108. Petitioner further alleged that "during 2005," he and his wife consulted with an attorney in New York who indicated that a motion to reopen would be filed, but who apparently never filed such a motion. See id. The government opposed Smith's request.

In a Decision and Order rendered on March 20, 2006, the IJ denied Smith's motion to reopen. The IJ concluded that Smith did not meet any of the circumstances specified in INA § 240(b)(5)(C), [8 U.S.C. § 1229a(b)(5)(C)], 8 C.F.R. § 1003.23(b)(4)(ii), under which a court may rescind the removal order. The IJ noted that Smith received sufficient legal notice of the hearing since his attorney was served with a copy, see 8 C.F.R. § 1292.5(a), that he did not allege that his failure to appear was caused by exceptional circumstances or on account of his being in custody, and that he admitted that his motion was untimely insofar as he sought reopening for purposes of adjusting status. Finally, the IJ noted that Smith did not establish that he is an immediate relative as defined in INA § 201(b) because he failed to show that his wife is a United States citizen, and he failed to maintain continuously a lawful status since his entry into the United States. See 8 C.F.R. § 1245.1(b)(6). Finally, the IJ concluded that Smith failed to demonstrate that he was

3

eligible to adjust his status in any event because his motion to reopen did not include a copy of his application for adjustment as required by 8 C.F.R. § 1003.23(b)(3). A subsequent order was issued on April 18, 2006 denying Smith's motion for a stay of removal.

Smith, with the help of current counsel, sought reconsideration of that decision by filing a motion on April 18, 2006 pursuant to 8 C.F.R. § 1003.23(b)(2). Smith based his reconsideration motion on the assertion that he could now offer "additional legal arguments supported by documentary evidence." See Admin. Rec. at 57. Smith listed the following two arguments: 1) he did not receive proper notice of the hearing due to ineffective assistance of counsel; and 2) he is prima facie eligible to apply for adjustment of status as an immediate relative of an American citizen. Smith further asserted in the substance of his motion that he had been denied effective assistance by each of the three attorneys he hired between June 1998 and January 2006. According to Smith, Attorney Fernandez was responsible for his failure to appear at the hearing. Next came Attorney Figeroux, to whom Smith paid a $3750 retainer in January 2004 for a reopen motion that was never filed. Finally, Smith asserted that Attorney Perez failed to attach to the reopen motion documents proving that his wife acquired American citizenship in September 2000. Given the layered ineffectiveness that Smith allegedly encountered, the fact that he was now eligible to adjust his status, and the numerous equities that weighed in his favor (a naturalized wife, two young U.S. citizen children, steady employment, etc.), petitioner

asked that the IJ reconsider his prior decision and rescind the *in absentia* order of removal.

Smith's reconsideration motion fared no better than his reopen motion, and the IJ denied it in a Decision and Order issued on June 14, 2006. The IJ noted that the immigration court has the power to toll the 180-day deadline for reopening cases as set forth in 8 C.F.R. § 1003.23(b)(4)(iv)(1), when a petitioner has been defrauded by his attorney, thus causing him to miss a hearing or the deadline to reopen his proceedings. The IJ further noted, however, that even if fraud is demonstrated, a petitioner must show that he was duly diligent in his attempts to "investigate and bring the claim." See IJ Decision at 2 (Admin. Rec. at 46), citing Borges v. Gonzales, 402 F.3d 398, 406 (3d Cir. 2005). The IJ recounted the fact that Smith did not allege that Attorney Fernandez defrauded him. No decision was necessary with respect to Attorney Figeroux's actions (the second attorney) as the IJ concluded that Smith failed to exercise "due diligence" in pursuing his claim, having waited over three years to hire Attorney Figeroux to file the reopen motion. Thus, it was Smith's lack of diligence in pursuing the claim, not Attorney Figeroux's inaction, that caused him to "grossly miss" the 180 day deadline. The IJ found the same to be true of Smith's third attorney, Mr. Perez, who was not hired until January 2006. Accordingly, the IJ found that Smith did not qualify for tolling of the 180-day deadline, and he denied Smith's motion for reconsideration.

5

Smith sought review of that decision. The BIA, however, dismissed the appeal in an Order dated December 15, 2006. The BIA found that, "even if equitable tolling is applied for untimely motions to reopen based on ineffective assistance of counsel, [Smith] failed to exercise due diligence in pursuing a claim of ineffective assistance of counsel." See BIA's Order at 2 (Admin. Rec. at 3). The BIA placed particular emphasis on certain statements that Smith and his attorney made in support of the reconsideration motion. In particular, the BIA referenced: 1) Smith's assertion that he did not take any steps to address the situation for "some time" after receiving a copy of the removal order and discovering that he had lost his bond money; 2) the fact set forth in Smith's affidavit that he did not meet with Attorney Figeroux until January 2004, more than five years after receiving his *in absentia* order; and 3) counsel's statement that Smith consulted with two other attorneys after his wife was naturalized in September 2000, which equates to a statement that Smith waited at least two years after receiving the *in absentia* order before seeking legal advice. The BIA thus agreed with the IJ that Smith failed to exercise due diligence as required for equitable tolling. Consequently, it determined that the IJ properly denied Smith's motion to reopen as untimely filed. Smith has filed a petition for review of the BIA's order.

### III.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the denial of a motion for reconsideration for an abuse of discretion and will disturb the BIA's decision

6

only if it is arbitrary, irrational, or contrary to law. Borges, 402 F.3d at 404; see also Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994). When the BIA issues a decision on the merits, we generally review only the BIA's order. See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). Where the BIA adopts the reasoning of the IJ with some discussion of the bases for the IJ's decision, we also review the order of the IJ. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review legal conclusions de novo, "with appropriate deference to the agency's interpretation of the underlying statute in accordance with administrative law principles." Mahmood v. Gonzales, 427 F.3d 248, 250 (3d Cir. 2005). We will sustain factual determinations if they are supported by substantial evidence in the record. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001). Under the substantial evidence standard, we will uphold the determinations of the BIA and the IJ "unless the evidence not only supports a contrary conclusion, but compels it." Id. at 483-84.

Under the INA, when an alien does not attend a removal proceeding after written notice has been provided to the alien or the alien's counsel of record, the IJ must order the alien removed *in absentia* "if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." INA § 240(b)(5)(A) [8 U.S.C. § 1229a(b)(5)(A)]. Such an order may be rescinded, however, if the alien moves to reopen the removal order within 180 days and establishes that his failure to appear was because of exceptional circumstances. See § 240(b)(5)(C)(i); 8 C.F.R. § 1003.23(b)(4)(ii). We have held that the 180-day period is

7

subject to equitable tolling. See Borges, 402 F.3d at 406; Mahmood, 427 F.3d at 251-52. Notably, though, while ineffective assistance of counsel may provide a basis for tolling and can be an extraordinary circumstance excusing a failure to appear, an alien still must be diligent in discovering that he has been misled or injured. See Mahmood, 427 F.3d at 252-53.

On the record presented, Smith has not shown that the BIA abused its discretion in upholding the IJ's determination that he failed to exercise due diligence during the time period sought to be tolled. The BIA's decision adequately sets forth the relevant periods of delay and we need not reiterate those in great detail here. Given the initial delay between the entry of the *in absentia* order in September 1998 and Smith's decision two years later to "consult" with two attorneys, we cannot say that the BIA's determination that Smith failed to exercise due diligence is arbitrary, irrational, or contrary to law, even considering Smith's contention that part of the delay was attributable to a conversation he had with Attorney Fernandez after counsel's actions allegedly caused the entry of the *in absentia* order. See Borges, 402 F.3d at 407, citing Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002) ("explaining that a petitioner must 'exercise reasonable diligence in *investigating and bringing* the claim.'")(emphasis added); see also Mahmood, 427 F.3d at 252-53. Furthermore, we note that Smith failed to follow the procedural requirements under Matter of Lozada, 19 I.& N. Dec. 637 (BIA 1988), to raise an ineffective assistance of counsel claim. To raise such a claim, the alien generally must: (1) provide an affidavit

8

attesting to the relevant facts; (2) inform former counsel of the allegations and allow him the opportunity to respond; and (3) provide information about whether a complaint has been filed with disciplinary authorities regarding the representation, or if not, why not. Id. at 639. Moreover, as noted by the BIA, aside from this initial period, Smith's association with Attorney Figeroux did not occur until sometime near the beginning of 2004 – almost five years after the entry of the *in absentia* order. We agree with respondent's assertion that the efforts Smith did make do not amount to the type of "steadfast pursuit" presented in Ghahremani v. Gonzales, 498 F.3d 993 (9th Cir. 2007). We further agree that the BIA's determination with respect to the issue of due diligence renders a review of the IJ's discussion regarding fraud on the part of counsel unnecessary.

IV.

For the foregoing reasons, we will deny the petition for review.